Judge BECKER
(concurring in the result):
I concur that the appellant’s guilty plea to forgery was provident, and his guilty plea to larceny was not. However, I do not believe the lead opinion’s lengthy discourse on the business world is necessary to these conclusions. Moreover, I fear the lead opinion may foster an incorrect impression that explora *715 tion into the mercantile relationships of parties to a negotiable instrument is automatically necessary for acceptance of guilty pleas to offenses involving such instruments, or to proof of such offenses in contested cases. I also believe the lead opinion takes too much license with our Article 66(c)[9] factfinding power in relying on factual matters outside the Care[10] inquiry. Therefore, I write separately.
The providence of each of the appellant’s pleas is controlled by a different principle of commercial law. These principles are fundamental to negotiable instruments, and are all we need to decide this case.
Concerning the forgery charge, the act of falsely making FMCC’s indorsement on the check by itself satisfied the element that the signature “would, if genuine, apparently impose a legal liability on or another or change his legal right or liability to his prejudice____” Article 123, UCMJ. This is because an indorser, by his signature, agrees to be liable on the instrument in case of dishon- or. U.C.C. § 3-414 (adopted in South Carolina at S.C.Code Ann. § 36-3-414 (1993)). We need not speculate as to a relationship between FMCC and McLaughlin Ford to satisfy that element. Nor do we need to explore the appellant’s obligation, if any, to use the proceeds of the check for car repairs.
As for the larceny charge, as a matter of law, neither the appellant nor FMCC had a right to possession of the check proceeds greater than that of the other. This is because a check made to the order of two co-payees, and not in the alternative, may be enforced only by both persons acting jointly. U.C.C. § 3-116(b) (adopted in South Carolina at S.C.Code Ann. § 36-3-116(b) (1993)). Therefore, by just his false indorsement, the appellant could not have “stolen” the proceeds of the check from FMCC. See MCM Pt. IV ¶ 46c(1)(c)(ii), (iii) (1984). We need not surmise a relationship, or the lack of one, between FMCC and McLaughlin Ford to reach this conclusion. Any underlying obligation on the appellant’s part to use the check proceeds a certain way has no impact on the parties’ relationship as co-payees of the check. As a matter of law, FMCC did not have a right to possess the check proceeds greater than that of the appellant. Appellant’s willingness to admit to this legal impossibility does not change this, and does not make his plea provident.
In short, the appellant committed a criminally dishonest act involving a check made out to him and FMCC, but the crime was forgery and not larceny. Accordingly, I would affirm his forgery conviction and set aside the larceny conviction. I join the lead opinion in dismissing the larceny charge and reassessing the sentence to approve only so much as extends to a bad-conduct discharge.

. Article 66(c), UCMJ, 10 U.S.C. § 866(c) (1994).

. United States v. Care, 18 U.S.C.M.A. 535, 40 C.M.R. 247, 1969 WL 6059 (1969).